**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PARANDZEM KAMALYAN<br><br>                        Petitioner,<br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                        Respondent. | No. 06-70424<br><br>Agency No.  A75 729 334<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District
Judge.<sup>**</sup>

Parandzem Kamalyan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") denial of her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

jurisdiction under 8 U.S.C. § 1252, and review adverse credibility findings for substantial evidence. *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). We deny the petition for review.

The IJ's adverse credibility determination is supported by substantial evidence because there were inconsistencies regarding the petitioner's political involvement, occupational changes from cashier to school director, and the sequence of events surrounding the alleged political persecution. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Furthermore, Kamalyan failed to provide an adequate explanation for withholding information about a prior embezzlement conviction, and for obtaining certain corroborating documents while also claiming a lack of access to other documents. *See de Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997).

In the absence of credible testimony, Kamalyan failed to establish that she suffered past persecution nor that she has a well-founded fear of future persecution. Therefore, she is ineligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Due to the lack of credible testimony and corroborating documentation, Kamalyan has also failed to demonstrate she would be tortured if returned to Armenia. *See id.* at 1156-57. Accordingly, her CAT claim fails.

2

**PETITION FOR REVIEW DENIED.**